**Paul F. BRYINGTON, Plaintiff,**

**v.**

**David MATHEWS, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 75–0441–A.**

United States District Court, W. D. Virginia.

July 9, 1976.

Birg E. Sergent, Richard L. Lewis, Pennington Gap, Va., for plaintiff.

Paul R. Thomson, Jr., U.S. Atty., Roanoke, Va., for defendant.

MEMORANDUM OPINION and ORDER

TURK, Chief Judge.

Plaintiff has filed this action challenging the final decision of the Secretary of Health, Education and Welfare denying his claim for "black lung" benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 *et seq.* Jurisdiction of this court is pursuant to § 413(b) of the Act, 30 U.S.C. § 923(b), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The issues to be decided by this court are whether the Secretary's final decision is supported by "substantial evidence," and if it is not, whether plaintiff has met his burden of proof as prescribed by and pursuant to the Act.

The plaintiff, Paul F. Bryington, was born on September 5, 1915 and subsequently completed the seventh grade in school. The evidence establishes that Mr. Bryington went to work in the Nation's coal mines in 1941. He last worked as a miner in 1958. The evidence reveals that plaintiff worked in the mines for approximately fifteen years. Mr. Bryington worked in a variety of jobs after he left coal mining. Mr. Bryington was awarded disability insurance benefits in 1966 on the basis of arteriosclerotic heart disease. While employed as a miner, plaintiff worked primarily in underground capacities which involved exposure to significant quantities of coal dust. As a result of such exposure, Mr. Bryington now alleges that he had developed a breathing impairment of a severity sufficient to entitle him to benefits under the Act.

In the administrative proceedings below, an Administrative Law Judge denied plaintiff's entitlement in an opinion which became the final decision of the Secretary. The Law Judge held the roentgenographic (x-ray) evidence to be insufficient to establish the existence of pneumoconiosis. (TR 18). The Law Judge summarized the impact of the ventilatory studies of record as follows:

> Various pulmonary function studies were made of claimant on February 9, 1973, March 24, 1973, May 3, 1973, and February 7, 1974. Dr. H. D. Kerr in his medical analysis (Exhibit No. 48) states ventilatory function tests have been performed on several occasions but none are completely satisfactory and it would appear that repeat attempts would be futile. The best test of 3124173, from a reliable facility, reveals a percentage $FEV_1$ which is normal and indicates no significant degree of airway obstruction.

The court is constrained to conclude that such a finding is not supported by "substantial evidence."

Four ventilatory studies of record produced MVV and $FEV_1$ values which qualify Mr. Bryington for the presumption of totally disabling pneumoconiosis as provided under 20 C.F.R. § 410.490(b). However, the studies of March 24, 1973 and February 2, 1974 cannot be considered. The earlier study included a notation of

plaintiff's cooperation as poor while the last study failed to list plaintiff's degree of cooperation. Thus, these studies fail to meet the documentation standards of 20 C.F.R. § 410.430. While Dr. David Kerr did dismiss the remaining studies as unsatisfactory (TR 126), the court notes that two studies apparently meet the standards of 20 C.F.R. § 410.430. In the study of February 9, 1973 (TR 105–109), Mr. Bryington's cooperation was deemed to be fair. The testing report for the study of May 3, 1973 (TR 120–123) described effort as satisfactory. Obviously, the administering doctor or technician is best placed to comment on the validity of the testing, based on the patient's cooperation and comprehension. *Reedy v. Mathews*, Civil Action Number 75–0324A (W.D.Va., March 2, 1976). Since Dr. Kerr's statement was based neither on a stated medical premise or the regulatory standards of 20 C.F.R. § 410.430, the court must conclude that the Secretary's disregard of the ventilatory studies is not supported by "substantial evidence."

The court finds persuasive the fact that of the five ventilatory studies of record, the last four all produced values which meet the criteria of 20 C.F.R. § 410.-490(b)(1)(ii). Other evidence of record supports application of the favorable presumption of 20 C.F.R. § 410.490. Included in the record are a positive blood gas study (TR 146) and several positive medical analyses. (TR 120 and 131). The record contains no evidence sufficient to rebut the presumption of totally disabling pneumoconiosis. [See 20 C.F.R. § 410.490(c)]. The court must conclude that the Secretary's final decision is not supported by "substantial evidence." Defendant's motion for summary judgment is denied. Upon the finding that plaintiff has met his burden of proof under 20 C.F.R. § 410.490(b), judgment for plaintiff will be entered. Thus the final decision of the Secretary is reversed and the case remanded for the establishment of proper benefits.

The Clerk is directed to send certified copies of this opinion and judgment to the counsel of record.